# EXHIBIT "A"

Electronically Filed
6/15/2022 9:58 AM
Steven D. Grierson
CLERK OF THE COURT

**COMP**
RAMZY PAUL LADAH, ESQ.
Nevada Bar No. 11405
**LADAH LAW FIRM**
517 S. Third Street
Las Vegas, NV 89101
ramzy@ladahlaw.com
T: 702.252.0055
F: 702.248.0055
Attorneys for Plaintiff

CASE NO: A-22-854101-C
Department 19

## DISTRICT COURT

## CLARK COUNTY, NEVADA

MICHELLE D. CRENSHAW, an individual;

        Plaintiff,

    vs.

99 CENTS ONLY STORES, LLC.; DOES I through XXX, inclusive and ROE BUSINESS ENTITIES I through XXX, inclusive,

        Defendants.

CASE NO. _____

DEPT. NO. _____

**COMPLAINT**

    COMES NOW the Plaintiff MICHELLE D. CRENSHAW, by and through her counsel of record RAMZY PAUL LADAH, ESQ. and for her claims of relief against the Defendants, and each of them, alleges and complains as follows:

### JURISDICTION

    1.    At all times relevant hereto, Plaintiff was and still is a resident of the County of Clark, State of Nevada.

    2.    At all times relevant hereto, Defendant 99 CENTS ONLY STORES, LLC (hereinafter "STORES") was and still is a foreign company that was and still is duly authorized to conduct business in the County of Clark, State of Nevada.

    3.    That at all times relevant herein, Defendants designated as DOES I through XXX and ROE BUSINESS ENTITIES I through XXX, in their true capacities, whether individual, corporate, associate or otherwise of the Defendants named herein are unknown to Plaintiff who, therefore, sues said Defendants by said fictitious names; Plaintiff is informed, believes and

200283

1  thereon alleges that each of the Defendants designated as a DOES I through XXX and ROE

2  BUSINESS ENTITIES I through XXX are responsible in some manner for the events and

3  happenings referred to herein, and caused damages proximately to Plaintiff as herein alleged, and

4  Plaintiff will ask leave of this court to amend this Complaint to insert the true names and

5  capacities of DOES I through XXX and ROE BUSINESS ENTITIES I through XXX, when the

6  same have been ascertained and to join such Defendants in this action.

7  **GENERAL ALLEGATIONS**

8      4.      Plaintiff repeats and realleges each and every allegation contained in this

9  Complaint and incorporates the same herein by reference as though fully set forth herein

10  verbatim.

11      5.      At all times relevant hereto, particularly on or about August 7, 2020, Defendant

12  STORES either owned, managed, controlled, or in some other way was in charge of a certain

13  premises known as 99 CENTS ONLY STORE., located at 45 N. Nellis Blvd., City of Las Vegas,

14  County of Clark, State of Nevada (hereinafter "subject premises").

15      6.      At all times relevant hereto, Defendants were the agents, servants, and employees

16  of each and every other Defendant and were acting within the course and scope of said

17  employment and agency.

18      7.      Defendants were the owners, operators, managers, controllers, inspectors,

19  supervisors and controllers of the premises and of the common areas of the subject premises.

20      8.      At all times relevant hereto, Plaintiff was an invitee and guest of Defendant

21  STORES and was legally upon its premises.

22      9.      At all times relevant hereto, Plaintiff was walking through the subject premises

23  when she slipped and fell on a foreign substance that was negligently left on the floor, in a

24  pedestrian traffic way.

25

26

27

28

## FIRST CAUSE OF ACTION
### (Negligence)

10.   Plaintiff repeats and realleges each and every allegation contained in Paragraphs 1 through 9 and incorporates the same herein by reference as though fully set forth herein verbatim.

11.   At all times relevant hereto, the Defendants, and each of them, were in control of the subject premises and had a duty to maintain and inspect the subject premises for the care, safety and protection of those persons present on the subject premises, including Plaintiff.

12.   At all times relevant hereto, Defendants, and each of them, negligently and recklessly maintained and inspected the subject premises so that it was permitted to remain in an unreasonably dangerous condition, presenting a danger to unsuspecting patrons, including Plaintiff.

13.   Defendants, and each of them, and/or their agents, employees and servants had notice, actual or constructive, of the dangerous condition, and therefore had full knowledge of, or should have had full knowledge of, the dangerous condition and failed to remedy the dangerous condition or otherwise take action to make it safe.

14.   Defendants, and each of them, and/or their agents, employees and servants, breached the duty of care owed to Plaintiff by negligently maintaining and inspecting the subject premises and further failing to warn Plaintiff of the unreasonably dangerous condition..

15.   As a result of Defendant's aforesaid negligent actions and/or failures to act, Plaintiff was injured in her health, strength and activity, sustaining shock and injury to her body and person, all of which have caused, and will continue to cause, the Plaintiff physical, mental, and nervous pain and suffering.

/ / / / /

/ / / / /

/ / / / /

/ / / / /

16.     As a result of Defendant's aforesaid negligent actions and/or failures to act, Plaintiff has incurred expenses for medical care and treatment, expenses incidental thereto, loss wages and loss of earning capacity, all to Plaintiff's damage, the present amount of which is unknown but is currently in excess of $15,000.00; such expenses and losses will continue in the future, all to Plaintiff's damage in a presently unascertainable amount. In this regard, Plaintiff prays for leave of Court to insert all said damages herein when the same have been fully ascertained.

17.     As a result of Defendants' aforesaid negligent actions, it has been necessary for Plaintiff to retain LADAH LAW FIRM to prosecute this action, and Plaintiff is entitled to recover reasonable attorneys' fees and costs.

**SECOND CAUSE OF ACTION**
**(Negligent Hiring, Training, Supervision and Policies/Procedures)**

18.     Plaintiff repeats and realleges each and every allegation contained in this Complaint and incorporates the same herein by reference as though fully set forth herein verbatim.

19.     Defendants STORES and ROE BUSINESS ENTITIES I through XXX acted negligently, among other reasons in failing to do the following:

i.      Establish and implement proper policies and procedures for employees, staff and agents working for Defendant STORES;

ii.     Establish and implement property policies and procedures for proper maintenance, repair, inspection and/or upkeep of the subject premises;

iii.    Establish and implement property policies and procedures for warning customers, or otherwise informing such customers, of potentially dangerous conditions;

iv.     Properly, responsibly and prudently hire employees;

v.      Properly, responsibly and prudently investigate employees before hiring them;

vi.     Properly, responsibly and prudently supervise and/or manage employees once they were hired;

4

vii.   Properly, responsibly and prudently train employees or instruct them as to their duties;

viii.  Properly, responsibly and prudently monitor and regulate the conduct of employees;

ix.    Properly, responsibly and prudently delegate maintenance responsibilities to employees, agents, DOE Defendants or ROE BUSINESS ENTITIES;

x.     Properly, responsibly and prudently set up mechanisms to ensure that all areas are reasonably kept in proper and safe conditions.

20.    As a result of Defendant's aforesaid negligent actions and/or failures to act, Plaintiff was injured in her health, strength and activity, sustaining shock and injury to her body and person, all of which have caused, and will continue to cause, the Plaintiff physical, mental, and nervous pain and suffering.

21.    As a result of Defendant's aforesaid negligent actions and/or failures to act, Plaintiff has incurred expenses for medical care and treatment, expenses incidental thereto, loss wages and loss of earning capacity, all to Plaintiff's damage, the present amount of which is unknown but is currently in excess of $15,000.00; such expenses and losses will continue in the future, all to Plaintiff's damage in a presently unascertainable amount. In this regard, Plaintiff prays for leave of Court to insert all said damages herein when the same have been fully ascertained.

22.    As a result of Defendants' aforesaid negligent actions, it has been necessary for Plaintiff to retain LADAH LAW FIRM to prosecute this action, and Plaintiff is entitled to recover reasonable attorneys' fees and costs.

/ / / / /

/ / / / /

/ / / / /

/ / / / /

/ / / / /

/ / / / /

WHEREFORE, Plaintiff prays for judgment against the Defendants as follows:

1.    For general damages and loss in an amount in excess of ten thousand dollars ($15,000.00);

2.    For special damages in an amount to be determined at time of trial;

3.    For economic damages in an amount to be determined at time of trial;

4.    For prejudgment interest, reasonable attorney's fees and costs; and

5.    For such other and further relief as the Court may deem just and proper.

DATED this 15th day of June, 2022.

**LADAH LAW FIRM**

*/s/ Ramzy P. Ladah*
_____

RAMZY PAUL LADAH, ESQ.
Nevada Bar No. 11405
517 S. Third Street
Las Vegas, NV 89101
Attorneys for Plaintiff

Electronically Filed
6/15/2022 9:58 AM
Steven D. Grierson
CLERK OF THE COURT

1  IAFD
   **RAMZY P. LADAH, ESQ.**
2  Nevada Bar No. 11405
   **LADAH LAW FIRM**
3  517 S. Third Street
   Las Vegas, NV 89101
4  litigation@ladahlaw.com
   T: 702.252.0055
5  F: 702.248.0055
   *Attorneys for Plaintiff*

6

**CASE NO: A-22-854101-C**
**Department 19**

7                    **DISTRICT COURT**

8                **CLARK COUNTY, NEVADA**

9  MICHELLE D. CRENSHAW, an individual;

10                    Plaintiff,                    CASE NO. _____

11         vs.                                       DEPT. NO. _____

12  99 CENTS ONLY STORES, LLC.; DOES I         **INITIAL APPEARANCE FEE**
    through XXX, inclusive and ROE BUSINESS    **DISCLOSURE**
13  ENTITIES I through XXX, inclusive,

14                    Defendants.

15

16         Pursuant to NRS Chapter 19, as amended by Senate Bill 106, filing fees are

17  submitted for the party appearing in the above-entitled action as indicated below.

18         MICHELLE D. CRENSHAW                        $      270.00

19         **TOTAL REMITTED**                          $      **270.00**

20  DATED this 15th day of June, 2022.

21

22                                **LADAH LAW FIRM**

23                                */s/ Ramzy Paul Ladah, Esq.*

24                                _____
                                  RAMZY PAUL LADAH, ESQ.
25                                Nevada Bar No. 11405
                                  517 S. Third Street
26                                Las Vegas, NV 89101
                                  Attorneys for Plaintiff
27

28

Electronically Filed
7/11/2022 11:15 AM
Steven D. Grierson
CLERK OF THE COURT

**ANS**
**LEW BRANDON, JR., ESQ.**
Nevada Bar No. 5880
**ANDREW GUZIK, ESQ.**
Nevada Bar No. 12758
**HOMERO GONZALEZ, ESQ.**
Nevada Bar No. 15231
**BRANDON | SMERBER LAW FIRM**
139 E. Warm Springs Road
Las Vegas, Nevada 89119
(702) 380-0007
(702) 380-2964 – *facsimile*
*l.brandon@bsnv.law*
*a.guzik@bsnv.law*
*h.gonzalez@bsnvlaw.com*
*Attorneys for Defendant,*
*99 CENTS ONLY STORES, LLC.*

**DISTRICT COURT**
**CLARK COUNTY, NEVADA**

MICHELLE D. CRENSHAW, an individual;

      Plaintiff,

vs.

99 CENTS ONLY STORES, LLC.; DOES I through XXX, inclusive and ROE BUSINESS ENTITIES I through XXX, inclusive,

      Defendants.

CASE NO.:  A-22-854101-C
DEPT. NO.: 19

**DEFENDANT, 99 CENTS ONLY STORES, LLC.'S**
**ANSWER TO PLAINTIFF'S COMPLAINT**

      COMES NOW, Defendant, 99 CENTS ONLY STORES, LLC., by and through its attorneys, LEW BRANDON, JR., ESQ., ANDREW GUZIK, ESQ., and HOMERO GONZALEZ, ESQ., of BRANDON | SMERBER LAW FIRM, and hereby answers Plaintiff's Complaint on file herein as follows:

139 E. WARM SPRINGS RD.
LAS VEGAS, NEVADA 89119
T: 702.380.0007 | F: 702.380.2964

BRANDON | SMERBER
LAW FIRM

BRANDON | SMERBER
LAW FIRM

139 E. WARM SPRINGS RD.
LAS VEGAS, NEVADA 89119
T: 702.380.0007 | F: 702.380.2964

1.      Answering Paragraphs 1 and 3 of Plaintiff's Complaint on file herein, Defendant is without sufficient knowledge or information to form a belief as to the truth or falsity of the said allegations and therefore denies same.

2.      Answering Paragraph 2 of Plaintiff's Complaint on file herein, Defendant admits the allegations contained therein.

### GENERAL ALLEGATIONS

3.      Answering Paragraph 4 of Plaintiff's Complaint on file herein, Defendant repeats and realleges each and every allegation contained in Paragraphs 1 through 3 as though fully set forth herein.

4.      Answering Paragraphs 5, 6, 7 and 8 of Plaintiff's Complaint on file herein, Defendant is without sufficient knowledge or information to form a belief as to the truth or falsity of the said allegations and therefore denies same. Answer Paragraph 9 of Plaintiff's Complaint, "At all times relevant hereto, Plaintiff was walking through the subject premises when she slipped and fell on a foreign substance", Defendant is without sufficient knowledge or information to form a belief as to the truth or falsity of the said allegation and therefore denies same. As to, "that was negligently left on the floor", Defendant denies the allegations contained therein. As to, in a pedestrian traffic way", Defendant is without sufficient knowledge or information to form a belief as to the truth or falsity of the said allegation and therefore denies same.

### FIRST CAUSE OF ACTION
**(Negligence)**

5.      Answering Paragraph 10 of Plaintiff's Complaint on file herein, Defendant repeats and realleges each and every allegation contained in Paragraphs 1 through 9 as though fully set forth herein.

///

6.      Answering Paragraphs 11 of Plaintiff's Complaint on file herein, Defendant is without sufficient knowledge or information to form a belief as to the truth or falsity of the said allegations and therefore denies same.

7.      Answering Paragraphs 12, 13, 14, 15, 16 and 17 of Plaintiff's Complaint on file herein, Defendant denies each and every allegation contained therein.

## SECOND CAUSE OF ACTION
### (Negligent Hiring, Training, Supervision and Policies/Procedures)

8.      Answering Paragraph 18 of Plaintiff's Complaint on file herein, Defendant repeats and realleges each and every allegation contained in Paragraphs 1 through 17 as though fully set forth herein.

9.      Answering Paragraphs 19 (subsections: i, ii, iii, iv, v, vi, vii, viii, ix and x), 20, 21 and 22 of Plaintiff's Complaint on file herein, Defendant denies each and every allegation contained therein.

## AFFIRMATIVE DEFENSES

### FIRST AFFIRMATIVE DEFENSE

Plaintiff's Complaint fails to state a claim against Defendant upon which relief can be granted.

### SECOND AFFIRMATIVE DEFENSE

Defendant alleges that at the time and place alleged in Plaintiff's Complaint, Plaintiff did not exercise ordinary care, caution or prudence for the protection of herself and any damages complained of by the Plaintiff in her Complaint, were directly or proximately caused or contributed to by the fault, failure to act, carelessness and negligence of Plaintiff.

///

///

BRANDON | SMERBER
LAW FIRM
139 E. WARM SPRINGS RD.
LAS VEGAS, NEVADA 89119
T: 702.380.0007 | F: 702.380.2964

**THIRD AFFIRMATIVE DEFENSE**

Defendant alleges that the Plaintiff assumed whatever risk or hazard existed at the time of this incident, if any there were, and was therefore responsible for the alleged damage suffered and further that the Plaintiff was guilty of negligence of her own acts which caused or contributed to by the fault, failure to act, carelessness or negligence of Plaintiff.

**FOURTH AFFIRMATIVE DEFENSE**

All the risks and dangers involved in the factual situation described in Plaintiff's Complaint, if any there were, were open, obvious and known to the Plaintiff and by reason thereof, Plaintiff assumed the risks and dangers inherent thereto.

**FIFTH AFFIRMATIVE DEFENSE**

Defendant alleges that the negligence of the Plaintiff exceeded that of the Defendant, and that the Plaintiff is thereby barred from recovery.

**SIXTH AFFIRMATIVE DEFENSE**

Pursuant to NRCP 11, as amended:  All possible affirmative defenses may not have been alleged herein insofar as sufficient facts were not available after reasonable inquiry upon the filing of Defendant's Answer, and therefore, Defendant reserves the right to amend this Answer to allege additional affirmative defenses if subsequent investigation warrants.

**SEVENTH AFFIRMATIVE DEFENSE**

The damages sustained by Plaintiff, if any, were caused by the acts of third persons who were not agents, servants or employees of this answering Defendant and who were not acting on behalf of this answering Defendant in any manner or form and as such, this Defendant is not liable in any matter to the Plaintiff.

///

///

**BRANDON | SMERBER**
LAW FIRM
139 E. WARM SPRINGS RD.
LAS VEGAS, NEVADA 89119
T: 702.380.0007 | F: 702.380.2964

**BRANDON | SMERBER**
LAW FIRM

139 E. WARM SPRINGS RD.
LAS VEGAS, NEVADA 89119
T: 702.380.0007 | F: 702.380.2964

### EIGHTH AFFIRMATIVE DEFENSE

Defendant at all times relevant to the allegations contained in Plaintiff's Complaint, acted with due care and circumspection in the performance of any and all duties imposed on it.

### NINTH AFFIRMATIVE DEFENSE

That it has been necessary of the Defendant to employ the services of an attorney to defend the action and a reasonable sum should be allowed Defendant for attorney's fees, together with costs of suit incurred herein.

### TENTH AFFIRMATIVE DEFENSE

Plaintiff has failed to mitigate her alleged damages, and, to the extent of such failure to mitigate any damages awarded to Plaintiff, should be reduced accordingly.

### ELEVENTH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred by applicable statutes of limitations.

### TWELFTH AFFIRMATIVE DEFENSE

Defendant objects as to authentication, foundation and genuineness of all of Plaintiff's medical providers and documents listed or presented by Plaintiff.

WHEREFORE, Defendant, 99 CENTS ONLY STORES LLC., prays as follows:

1. That Plaintiff take nothing by way of her Complaint on file herein;

2. For reasonable attorney's fees and costs of suit incurred herein;

///

///

///

///

///

///

3.  For such other and further relief as the Court may deem just and proper in the premises.

DATED this 11th day of July, 2022.

**BRANDON │ SMERBER LAW FIRM**

*/s/ Lew Brandon, Jr., Esq.*

**LEW BRANDON, JR., ESQ.**
Nevada Bar No. 5880
**ANDREW GUZIK, ESQ.**
Nevada Bar No. 12758
**HOMERO GONZALEZ, ESQ.**
Nevada Bar No. 15231
139 E. Warm Springs Road
Las Vegas, Nevada 89119
(702) 384-8424
(702) 384-6568 - *facsimile*
*Attorneys for Defendant,*
*99 CENTS ONLY STORES, LLC.*

**CERTIFICATE OF SERVICE**

Pursuant to NRCP 5(b), I hereby certify that on July 11, 2022, I served the foregoing **DEFENDANT, 99 CENTS ONLY STORES, LLC.'S ANSWER TO PLAINTIFF'S COMPLAINT** through the Court's ECF electronic filing system, upon the following:

**RAMZY PAUL LADAH, ESQ.**
Nevada Bar No. 11405
**LADAH LAW FIRM**
517 S. Third Street.
Las Vegas, Nevada 89101
(702) 252.0055
Facsimile (702) 248.005
scott@lvattorneys.com
*Attorneys for Plaintiff,*
*MICHELLE D. CRENSHAW*

*/s/ Maybelline Valle*

An Employee of Brandon │ Smerber Law Firm

BRANDON │ SMERBER
LAW FIRM

139 E. WARM SPRINGS RD.
LAS VEGAS, NEVADA 89119
T: 702.380.0007 │ F: 702.380.2964

Electronically Filed
7/11/2022 11:15 AM
Steven D. Grierson
CLERK OF THE COURT

1  **DMJT**
   **LEW BRANDON, JR., ESQ.**
2  Nevada Bar No. 5880
   **ANDREW GUZIK, ESQ.**
3  Nevada Bar No. 12758
   **HOMERO GONZALEZ, ESQ.**
4  Nevada Bar No. 15231
   **BRANDON | SMERBER LAW FIRM**
5  139 E. Warm Springs Road
   Las Vegas, Nevada 89119
6  (702) 380-0007 (702) 380-2964 – *facsimile*
7  *l.brandon@bsnv.law*
   *a.guzik@bsnv.law*
8  *h.gonzalez@bsnvlaw.com*
   *Attorneys for Defendant,*
9  *99 CENTS ONLY STORES, LLC.*

10

11                    **DISTRICT COURT**
                    **CLARK COUNTY, NEVADA**
12

13  MICHELLE D. CRENSHAW, an individual;

14        Plaintiff,                        CASE NO.:  A-22-854101-C
                                            DEPT. NO.: 19
15  vs.

16
    99 CENTS ONLY STORES, LLC.; DOES I      **DEMAND FOR JURY TRIAL**
17  through XXX, inclusive and ROE BUSINESS
18  ENTITIES I through XXX, inclusive,

19
          Defendants.
20

21        COMES NOW, Defendant, 99 CENTS ONLY STORES, LLC., by and through its

22  attorney of record, LEW BRANDON, JR., ESQ., ANDREW GUZIK, ESQ., and HOMERO

23  GONZALEZ, ESQ., of BRANDON | SMERBER LAW FIRM, and hereby demands a Jury Trial

24  ///

25  ///

26  ///

27  ///

28  ///

in the above-entitled action.

DATED this 11th day of July, 20222022.

**BRANDON | SMERBER LAW FIRM**

*/s/ Lew Brandon, Jr. Esq.*
**LEW BRANDON, JR., ESQ.**
Nevada Bar No. 5880
**ANDREW GUZIK, ESQ.**
Nevada Bar No. 12758
**HOMERO GONZALEZ, ESQ.**
Nevada Bar No. 15231
139 E. Warm Springs Road
Las Vegas, Nevada 89119
*Attorneys for Defendant,*
*99 CENTS ONLY STORES, LLC.*

## CERTIFICATE OF SERVICE

Pursuant to Nev. R. Civ. P. 5(b), I certify that on 11th day of July, 2022, I served a true and correct copy of the foregoing **DEMAND FOR JURY TRIAL** through the Court's ECF electronic filing system, upon the following:

**RAMZY PAUL LADAH, ESQ.**
Nevada Bar No. 11405
**LADAH LAW FIRM**
517 S. Third Street.
Las Vegas, Nevada 89101
(702) 252.0055
Facsimile (702) 248.005
scott@lvattorneys.com
*Attorneys for Plaintiff,*
*MICHELLE D. CRENSHAW*

*/s/ Maybelline Valle*
An Employee of Brandon | Smerber Law Firm

139 E. WARM SPRINGS RD.
LAS VEGAS, NEVADA 89119
T. 702.380.0007 | F. 702.380.2964

**BRANDON | SMERBER**
LAW FIRM

Electronically Filed
7/11/2022 11:15 AM
Steven D. Grierson
CLERK OF THE COURT

**DSST**
**LEW BRANDON, JR., ESQ.**
Nevada Bar No. 5880
**ANDREW GUZIK, ESQ.**
Nevada Bar No. 12758
**HOMERO GONZALEZ, ESQ.**
Nevada Bar No. 15231
**BRANDON | SMERBER LAW FIRM**
139 E. Warm Springs Road
Las Vegas, Nevada 89119
(702) 380-0007
(702) 380-2964 – *facsimile*
*l.brandon@bsnv.law*
*a.guzik@bsnv.law*
*h.gonzalez@bsnvlaw.com*
*Attorneys for Defendant,*
*99 CENTS ONLY STORES, LLC.*

**DISTRICT COURT**
**CLARK COUNTY, NEVADA**

| | |
|---|---|
| MICHELLE D. CRENSHAW, an individual; | CASE NO.:  A-22-854101-C |
| | DEPT. NO.: 19 |
| Plaintiff, | |
| vs. | **DISCLOSURE STATEMENT** |
| | **PURSUANT TO NRCP 7.1** |
| 99 CENTS ONLY STORES, LLC.; DOES I through XXX, inclusive and ROE BUSINESS ENTITIES I through XXX, inclusive, | |
| Defendants. | |

The undersigned counsel of record for Defendant, 99 CENTS ONLY STORES, LLC., hereby certifies that to their knowledge, Defendant, 99 CENTS ONLY STORES, LLC., is a limited liability company with no publicly held company owning ten percent (10%) or more of 99 CENTS ONLY STORES, LLC.

///

///

///

*BRANDON | SMERBER LAW FIRM*

*139 E. WARM SPRINGS RD.*
*LAS VEGAS, NEVADA 89119*
*T: 702.380.0007 | F: 702.380.2964*

There are no other known interested parties other than those identified.

DATED this 11th day of July, 2022.

BRANDON | SMERBER LAW FIRM

/s/ Lew Brandon, Jr., Esq.
**LEW BRANDON, JR., ESQ.**
Nevada Bar No. 5880
**ANDREW GUZIK, ESQ.**
Nevada Bar No. 12758
**HOMERO GONZALEZ, ESQ.**
Nevada Bar No. 15231
139 E. Warm Springs Road
Las Vegas, Nevada 89119
(702) 384-8424
(702) 384-6568 - *facsimile*
*Attorneys for Defendant,*
*99 CENTS ONLY STORES LLC*

## **CERTIFICATE OF SERVICE**

Pursuant to Nev. R. Civ. P. 5(b), I certify that on 11th day of July, 2022, I served a true and correct copy of the foregoing **DISCLOSURE STATEMENT PURSUANT TO NRCP 7.1** through the Court's ECF electronic filing system, upon the following:

**RAMZY PAUL LADAH, ESQ.**
Nevada Bar No. 11405
**LADAH LAW FIRM**
517 S. Third Street.
Las Vegas, Nevada 89101
(702) 252.0055
Facsimile (702) 248.005
scott@lvattorneys.com
*Attorneys for Plaintiff,*
*MICHELLE D. CRENSHAW*

/s/ Maybelline Valle
An Employee of Brandon | Smerber Law Firm

Electronically Filed
7/11/2022 11:15 AM
Steven D. Grierson
CLERK OF THE COURT

**REQT**
**LEW BRANDON, JR., ESQ.**
Nevada Bar No. 5880
**ANDREW GUZIK, ESQ.**
Nevada Bar No. 12758
**HOMERO GONZALEZ, ESQ.**
Nevada Bar No. 15231
**BRANDON | SMERBER LAW FIRM**
139 E. Warm Springs Road
Las Vegas, Nevada 89119
(702) 380-0007
(702) 380-2964 – *facsimile*
*l.brandon@bsnv.law*
*a.guzik@bsnv.law*
*h.gonzalez@bsnvlaw.com*
*Attorneys for Defendant,*
*99 CENTS ONLY STORES, LLC.*

**DISTRICT COURT**
**CLARK COUNTY, NEVADA**

| | |
|---|---|
| MICHELLE D. CRENSHAW, an individual; | CASE NO.: A-22-854101-C |
| | DEPT. NO.: 19 |
| Plaintiff, | |
| vs. | **NRCP 16.1(A)(1)(C) REQUEST FOR COMPUTATION OF DAMAGES AND DISCLOSURE OF SUPPORTING DOCUMENTS AND NRCP 16.1(a)(1)(A)(iii) REQUEST FOR MEDICAL PROVIDER IDENTITY** |
| 99 CENTS ONLY STORES, LLC.; DOES I through XXX, inclusive and ROE BUSINESS ENTITIES I through XXX, inclusive, | |
| Defendants. | |

Pursuant to NRCP 16.1(a)(1)(C), Defendant, 99 CENTS ONLY STORES LLC., hereby requests that Plaintiff, MICHELLE D. CRENSHAW, provide, within 30 days of this Request, a computation of any and all categories of damages claimed by Plaintiff, including making available for inspection and copying as under Rule 34 the documents or other evidentiary matter, not privileged or protected from disclosure, on which such computation is based, including materials

///

139 E. WARM SPRINGS RD.
LAS VEGAS, NEVADA 89119
T: 702.380.0007 | F: 702.380.2964

BRANDON | SMERBER
LAW FIRM

bearing on the nature and extent of injuries suffered.

DATED this 11th day of July, 2022.

**BRANDON | SMERBER LAW FIRM**

*/s/ Lew Brandon, Jr., Esq.*
**LEW BRANDON, JR., ESQ.**
Nevada Bar No. 5880
**ANDREW GUZIK, ESQ.**
Nevada Bar No. 12758
**HOMERO GONZALEZ, ESQ.**
Nevada Bar No. 15231
139 East Warm Springs Road
Las Vegas, Nevada 89119
*Attorneys for Defendant,*
*99 CENTS ONLY STORES, LLC.*

## <u>CERTIFICATE OF SERVICE</u>

Pursuant to Nev. R. Civ. P. 5(b), I certify that on 11th day of July, 2022, I served a true and correct copy of the foregoing **NRCP 16.1(A)(1)(C) REQUEST FOR COMPUTATION OF DAMAGES AND DISCLOSURE OF SUPPORTING DOCUMENTS AND NRCP 16.1(a)(1)(A)(iii) REQUEST FOR MEDICAL PROVIDER IDENTITY** through the Court's ECF electronic filing system, upon the following:

**RAMZY PAUL LADAH, ESQ.**
Nevada Bar No. 11405
**LADAH LAW FIRM**
517 S. Third Street.
Las Vegas, Nevada 89101
(702) 252.0055
Facsimile (702) 248.005
scott@lvattorneys.com
*Attorneys for Plaintiff,*
*MICHELLE D. CRENSHAW*

*/s/ Maybelline Valle*
An Employee of Brandon | Smerber Law Firm

Electronically Filed
7/11/2022 11:15 AM
Steven D. Grierson
CLERK OF THE COURT

**CSRE**
**LEW BRANDON, JR., ESQ.**
Nevada Bar No. 5880
**ANDREW GUZIK, ESQ.**
Nevada Bar No. 12758
**HOMERO GONZALEZ, ESQ.**
Nevada Bar No. 15231
**BRANDON | SMERBER LAW FIRM**
139 E. Warm Springs Road
Las Vegas, Nevada 89119
(702) 380-0007
(702) 380-2964 – *facsimile*
*l.brandon@bsnv.law*
*a.guzik@bsnv.law*
*h.gonzalez@bsnvlaw.com*
*Attorneys for Defendant,*
*99 CENTS ONLY STORES, LLC.*

**DISTRICT COURT**
**CLARK COUNTY, NEVADA**

MICHELLE D. CRENSHAW, an individual;

  Plaintiff,

vs.

99 CENTS ONLY STORES, LLC.; DOES I
through XXX, inclusive and ROE BUSINESS
ENTITIES I through XXX, inclusive,

  Defendants.

CASE NO.:  A-22-854101-C
DEPT. NO.: 19

**CONSENT TO SERVICE BY**
**ELECTRONIC MEANS**
**THROUGH E-FILING**
**PROGRAM**

The undersigned parties hereby consent to service of documents by electronic means through

the Court's e-filing program on behalf of the following parties: 99 CENTS ONLY STORES, LLC.

Documents served by electronic means must be transmitted to the following persons at

the e-mail addresses listed: l.brandon@bsnv.law; a.guzik@bsnv.law; and h.gonzalez@bsnv.law

It is my understanding that the attachments may be transmitted to the program in any

format and will be converted to a PDF file before service is effected.

The undersigned also acknowledges that this Consent does not require service by electronic means unless the serving party elects to do so.

DATED this 11th day of July, 2022.

BRANDON | SMERBER LAW FIRM

*/s/ Lew Brandon, Jr., Esq.*
**LEW BRANDON, JR., ESQ.**
Nevada Bar No. 5880
**ANDREW GUZIK, ESQ.**
Nevada Bar No. 12758
**HOMERO GONZALEZ, ESQ.**
Nevada Bar No. 15231
139 E. Warm Springs Road
Las Vegas, Nevada 89119
*Attorneys for Defendant,*
*99 CENTS ONLY STORES, LLC.*

## CERTIFICATE OF SERVICE

Pursuant to Nev. R. Civ. P. 5(b), I certify that on 11th day of July, 2022, I served a true and correct copy of the foregoing **CONSENT TO SERVICE BY ELECTRONIC MEANS THROUGH E-FILING PROGRAM** through the Court's ECF electronic filing system, upon the following:

**RAMZY PAUL LADAH, ESQ.**
Nevada Bar No. 11405
**LADAH LAW FIRM**
517 S. Third Street.
Las Vegas, Nevada 89101
(702) 252.0055
Facsimile (702) 248.005
scott@lvattorneys.com
*Attorneys for Plaintiff,*
*MICHELLE D. CRENSHAW*

*/s/ Maybelline Valle*
An Employee of Brandon | Smerber Law Firm

Electronically Filed
8/5/2022 12:47 PM
Steven D. Grierson
CLERK OF THE COURT

1 | **REA**
**RAMZY PAUL LADAH, ESQ.**
2 | Nevada Bar No. 11405
**ADRIAN KARIMI, ESQ.**
3 | Nevada Bar No. 13514
**LADAH LAW FIRM**
4 | 517 S. Third Street
Las Vegas, NV 89101
5 | litigation@ladahlaw.com
T: 702.252.0055
6 | F: 702.248.0055
Attorneys for Plaintiff
7 |

## DISTRICT COURT

## CLARK COUNTY, NEVADA

MICHELLE D. CRENSHAW, an individual;

               Plaintiff,

    vs.

99 CENTS ONLY STORES, LLC.; DOES I
through XXX, inclusive and ROE BUSINESS
ENTITIES I through XXX, inclusive,

               Defendants.

CASE NO. __A-22-854101-C_____

DEPT. NO. _____19_____

**REQUEST FOR EXEMPTION FROM
ARBITTRATION**

    **COMES NOW** Plaintiff, MICHELLE CRENSHAW, by and through her counsel of record, RAMZY P. LADAH, ESQ., and ADRIAN KARIMI, ESQ., of the LADAH LAW FIRM, and hereby requests the above-entitled matter be exempted from arbitration pursuant to Nevada Arbitration Rules 3 and 5 as this case involves an amount in issue in excess of $50,000.00 exclusive of interests and costs.

. . .

. . .

. . .

200166 / 2292

## I.  FACTUAL BACKGROUND

This is a negligence case arising from a slip and fall occurring on August 7, 2020, at which time Defendant, 99 CENTS ONLY STORE ("DEFENDANT") either owned, managed, controlled, or in some other way was in charge of the premises, located at 45 N. Nellis Blvd., City of Las Vegas, County of Clark, State of Nevada. Plaintiff was a guest of Defendant and whilst walking through the premises, she slipped and fell in a high traffic pedestrian area. As a result, Plaintiff was injured.

## II.  DAMAGES

Defendants negligence directly and proximately caused Plaintiff to sustain permanent and disabling injuries as described herein requiring medical care and treatment including, but not limited to conservative treatment, pain management, and chiropractic care. The following are incident-related medical expenses incurred to date:

### PLAINTIFFS MEDICAL EXPENSES:

| | |
|---|---|
| Valley Hospital | $4,670.00 |
| Desert Radiologists | $266.00 |
| Shadow Emergency Physicians | $853.00 |
| CVS Pharmacy | $97.58 |
| Spinal Rehabilitation Center | $6,328.00 |
| Urgent Care Nevada, LLC | $334.00 |
| Las Vegas Radiology | $4,650.00 |
| Desert Radiologists | $669.02 |
| DiMuro Pain Management | $6,610.00 |
| DiMuro Facilities Services | $26,018.00 |
| W. Azzoli, MD Anesthesiology | $2,590.00 |
| Las Vegas Neurosurgical Institute | $1,525.00 |
| **TOTAL:** | $54,610.60 |

*Plaintiff remains in the process of gathering up to date records and bills, and as such the above is an estimate that will be supplemented. Plaintiff's medical records and bills are available upon request.*

## III. LEGAL ARGUMENT

**A.**   <u>Good Cause Exists To Grant The Arbitration Exemption Because This Action Has A Probable Jury Award Value Exceeds $50,000</u>

The purpose of the ADR program is to provide a "simplified procedure for obtaining a prompt and equitable resolution in certain civil matters." Only civil actions that have a "probable jury award value not in excess of $50,000 per plaintiff" should be subject to the ADR program. <u>NAR 3(A)</u>. In this case Plaintiff's future medical treatment, future surgical procedure(s), damages, and pain and suffering value will exceed $50,000.000.

**B.** <u>Good Cause Exists to Grant The Arbitration Exemption Because This Action Raises an Issue of Public Policy:</u>

The purpose of the ADR program is to provide a "simplified procedure for obtaining a prompt and equitable resolution in certain civil matters." Only civil actions that do not have "significant issues of public policy" should be subject to the ADR program. <u>NAR 3(A)</u>.  In this case, Plaintiff was not fairly compensated from Plaintiff's UM/UIM automobile coverage when Plaintiff made the premium payments.  Therefore, Defendant breached the Covenant of Good Faith and Fair Dealing by its violation of provisions of the Unfair Claims Practices Act (NRS § 686A.310).  Specifically, by "failing to affirm or deny coverage of claims within reasonable time after proof of loss requirements have been completed and submitted by the insured" and by "Failing to effectuate prompt, fair and equitable settlements of claims in which liability of the insurer has become reasonably clear."  Accordingly, this Honorable Commissioner should grant Plaintiff's Request in its entirety.

NAR 5(a) further provides:

<u>Exemptions from arbitration.</u>
A party claiming an exemption from the program pursuant to Rule 3(A) on grounds other than the amount in controversy, the presentation of significant issues of public policy, or the presentation of unusual circumstances that constitute good cause for removal from the program will not be required to file a request for exemption if the initial pleading specifically designates the category of claimed exemption in the caption. Otherwise, if a party believes that a case should not be in the program, that party must file with the commissioner a request to exempt the case from the program and serve the request on any party who has appeared in the action. The request for exemption must be filed within 20 days after the filing of an answer by the first

answering defendant, and the party requesting the exemption must certify that his or her case is included in one of the categories of exempt cases listed in Rule 3. The request for exemption must also include a summary of facts which supports the party s contentions. ***For good cause shown, an appropriate case may be removed from the program upon the filing of an untimely request for exemption;*** however, such filing may subject the requesting party to sanctions by the commissioner

In this case, Plaintiffs' total past medical damages totals Twenty-Four Thousand Six Hundred Ninety-One Dollars and Ninety-One Cents ($24,691.91), which is expected to increase. This amount combined with pain and suffering renders a value amount sufficient to exempt this matter pursuant to NAR 3(A) and 5(A). Plaintiff also continues to suffer from pain in her back which may lead to future medical treatment.

**IV. CONCLUSION**

Plaintiff's above-described injuries necessitated medical care and treatment, affected his daily life and enjoyment of life, and is anticipated to require future treatment.  In conjunction with Plaintiff's known past medical damages *alone* already total well in excess of $50,000.00.  As such, this matter should be allowed to proceed to jury trial.

I hereby certify pursuant to N.R.C.P. 11, this case to be within the exemption marked above and to be aware of the sanctions that may be imposed against any attorney or party who without good cause or justification attempts to remove a case from the arbitration program.

DATED this __19ᵗʰ day of August, 2022.

LADAH LAW FIRM


/s/   Adrian Karimi, Esq.
RAMZY PAUL LADAH, ESQ.
Nevada Bar No. 11405
ADRIAN KARIMI, ESQ.
Nevada Bar No. 13514
517 S. Third Street
Las Vegas, NV 89101
Attorneys for Plaintiff

## CERTIFICATE OF SERVICE

Pursuant to NRCP 5(b), on this 5[h] day of August, 2022, a true and complete copy of **REQUEST FOR EXEMPTION FROM ARBITRATION** was served on the following interested parties by the action(s) indicated below:

Lew Brandon, Esq.
Andrew Guzik, Esq.
Homero Gonzales, Esq.
BRANDON | SMERBER LAW FIRM
139 E. Warm Springs Road
*Attorneys for Defendants*

Method of Service

☒   **Electronic Service:** I caused said document to be delivered by electronic means upon all eligible electronic recipients via the United States District Court CM/ECF system or Clark County District Court E-Filing system (Odyssey)

*/s/   Skylar P. Cataneo*
An employee of Ladah Law Firm