**LEW BRANDON, JR., ESQ.**
Nevada Bar No. 5880
**ANDREW GUZIK, ESQ.**
Nevada Bar No. 12758
**HOMERO A. GONZALEZ, ESQ.**
Nevada Bar No. 15231
**BRANDON | SMERBER LAW FIRM**
139 East Warm Springs Road
Las Vegas, Nevada 89119
(702) 380-0007
(702) 380-2964 – *facsimile*
*l.brandon@bsnv.law*
*a.guzik@bsnv.law*
*h.gonzalez@bsnv.law*
*Attorneys for Defendant,*
*99 CENTS ONLY STORES, LLC*

## UNITED STATES DISTRICT COURT
## DISTRICT OF NEVADA

| | |
|---|---|
| MICHELLE D. CRENSHAW, an individual. | CASE NO.:  2:22-cv-01276-RFB-NJK |
| Plaintiff, | |
| vs. | |
| 99 CENTS ONLY STORES, LLC.; DOES I through XXX, inclusive and ROE BUSINESS ENTITIES I through XXX, inclusive, | **STIPULATED PROTECTIVE ORDER** |
| Defendants. | |

In connection with the production of confidential documents and other confidential information in this action, Plaintiff, MICHELLE D. CRENSHAW ("Plaintiff"); and Defendant, 99 CENTS ONLY STORES, LLC ("Defendant" or "99 Cents Only Stores"), through their respective counsel, hereby enter into this Stipulated Protective Order.

### 1.  Purpose of this Protective Order

The purpose of this Stipulated Protective Order is to provide a means for limiting access to and use and disclosure of Confidential Documents or Information produced in this action.  Any unauthorized disclosure of Confidential Documents or Information in violation of this Order may

be subject to discipline by the contempt powers of this United States District Court for the District of Nevada.

**2. Designation of "Confidential Documents or Information"**

The Parties may designate such documents or information as "Confidential" in accordance with the following procedures:

**a) "Confidential" Documents or Information.**

Any Party may designate any documents, records, reports, video tapes, tangible items, or information as "Confidential." Upon a designation of "Confidential," the Parties shall treat any designated document, record, report, video tape, tangible item, or information as Confidential and shall only use such document, record, report, video tape, tangible item, or information solely for the prosecution or defense of this matter.

**b) Time of Designation**

Unless otherwise agreed between counsel for the Parties, the designation of Confidential Documents or Information shall be made at the time of the production of documents, records, reports, video tapes, tangible items, or information.

**c) Manner of Designation**

The designation of Confidential Documents or Information shall be made in the following manner:

1. For documents, by placing the notation "Confidential" on each page of such document;

2. For tangible items, including any video tapes, documents, or information produced on magnetic disks or other computer related media, by placing the notation "Confidential" on the object and, if applicable, on the container thereof or if such are not practicable, as otherwise agreed by the Parties. In the event a Party generates any "hard copy" or printout from any "Confidential Material," that Party must immediately stamp each page "Confidential," and the hard copy or printout shall be treated as Confidential Information pursuant to this Stipulated Protective Order.

**d) Retroactive Designation**

1. Inadvertent production of any Confidential Documents or Information without a

designation of confidentiality will not be deemed to waive a later claim as to confidentiality or privilege, or prevent the Party claiming confidentiality from re-designating such documents or information as "Confidential" promptly after discovery of the inadvertent production.

2. Within a reasonable time after production, a Party may retroactively designate (or withdraw a designation) of Confidential Documents or Information, regarding any material that it has produced, provided however, that such retroactive designation (or withdrawal) shall be in accordance with the terms of this Order.  Such retroactive designation (or withdrawal) shall be accomplished by notifying counsel for the non-designating Parties in writing of such retroactive designation (or withdrawal).  Upon receipt of any such written re-designation, counsel (i) shall not make any further disclosure or communication of such retroactively designated material except as provided for in this Order; (ii) shall take reasonable steps to notify all persons known to have possession of any retroactively designated material of the effect of such re-designation under this Order; and (iii) shall take reasonable steps to procure all copies of such retroactively designated material from any persons known to have possession of any such retroactively designated material who are not entitled to receipt under this Order.

e) **Resolution of Disputes Regarding Designation**

If a Party, at any time, wishes to have the "Confidential" designation of any particular Confidential Documents or Information removed or changed, that Party shall first request in writing that the Party having made the designation at issue change its designation.  Thereafter, the Parties shall make good faith efforts to resolve the dispute.  If the designating Party refuses to agree to remove or change the designation, then the Party that requests that the designation be so removed may make a motion before this Court for an order removing or changing the designation; provided, however, that the designating Party shall have the burden of proving that such particular Confidential Document or Information are properly designated as "Confidential" pursuant to *infra* Part III.  At all times during the process of challenging a designation, the Parties shall treat the Confidential Documents or Information as originally designated until a change is agreed to or the motion is decided by the Court and written notice of such decision is served on the Parties.

Any motion filed with respect to this Stipulated Protective Order or documents labeled

"Confidential" must comply with the local rules of the United States District Court for the District of Nevada.

**f)   Designation of Third Party Documents**.

Documents and/or information produced by a third party in response to a subpoena or during deposition in the course of this litigation may involve receipt of information, documents, things or testimony which include, contain or comprise protected information that may or may not be appropriate for "Confidential" designation under this Order.  Unless otherwise agreed in writing between counsel for the parties, documents and information so produced by a third party shall be treated as follows:  First of all, all such documents and information shall automatically be deemed to be and shall be treated as "Confidential" for twenty (20) business days following their actual receipt by both counsel for Plaintiff and counsel for Defendants in this action, in order to enable each such counsel to determine whether in their view any protected information is embodied therein.  If no designation of the information as "Confidential" by the Designating Party is received by a non-Designating Party within twenty (20) business days after production, then the information will not be protected by this Protective Order except pursuant to subsequent designation by a party hereto or pursuant to a subsequent agreement of the parties or Court order; if however a written designation of "Confidential" is made by a Designating Party and is received by the non-Designating Party within twenty (20) business days after production of documents or information by the non-party, then the information will be subject to this Protective Order and will be deemed to be "Confidential" (as requested by the Designating Party); provided, however, that the designation may be challenged as any such designation.

Lastly, to the extent third party documents or information contains information that is confidential and/or proprietary to the third party, the third party can avail itself of the protections set forth in this Order and designate documents and/or information it produces accordingly by executing this Order and agreeing to be bound by its terms.

**3.   Persons to Whom Confidential Documents or Information may be Disclosed**

**a)   Disclosure of Documents or Information Designated as "Confidential"**

Documents or Information designated as "Confidential" may be disclosed and copies may

be provided only to:

1.   Counsel of record and their personnel;

2.   Expert witnesses or consultants retained by the Parties or their respective counsel in connection with this action who have complied with *infra* Section III.C.;

3.   Outside court reporting services and court reporters as may be reasonably necessary in connection with the preparation or conduct of this action;

4.   This Court and its personnel, or any other tribunal of competent jurisdiction having involvement in this matter and its personnel;

5.   Any mediator or arbitrator selected by the Parties to mediate or arbitrate this action; and

6.   Representatives of the Parties.

**b)   Additional Authorized Disclosure of Documents or Information Designated as "Confidential"**

Notwithstanding anything to the contrary in *supra* Section III.A., particular Confidential Documents or Information that have been designated as "Confidential" may be disclosed and copies may be provided:

1.   To persons who are explicitly named on the document as the authors or addressees or to persons who may be shown to be an author or recipient of any particular document;

2.   To any other persons with the prior written consent of the designating Party;

3.   To any other persons with the prior authorization of this Court or any other tribunal of competent jurisdiction having involvement in this matter; and

4.   If a document designated as "Confidential" refers to the conduct or affairs of a potential witness, the Party's counsel of record may and shall discuss such conduct or affairs with such person without revealing the existence of the document, or its authors or source.

**c)   Disclosure to Experts or Consultants**

Prior to disclosing or providing copies of any Confidential Documents or Information to any expert or consultant pursuant to *supra* Sections III.A. or III.B., the Parties shall first obtain the agreement of the expert, consultant or anyone else to whom such disclosure will be made to be bound by the terms of this Stipulated Protective Order as set forth in the attached

"Acknowledgment and Agreement to Be Bound."  Specifically, the expert or consultant shall acknowledge that, during the course of his or her retention, the expert or consultant may have access to, and become acquainted with Confidential Documents or Information, which are regularly used in the operation of the businesses of the designating Party and in which the designating Party has an expectation of confidentiality.  The expert or consultant shall agree not to disclose such Confidential Documents or Information, directly or indirectly, to any person or entity not subject to this Stipulated Protective Order or use them in any way outside the specific scope of his/her retention as an expert witness in this action, or at any time thereafter.

        **d)  Return of Confidential Documents or Information by Experts and Consultants**

Confidential Documents or Information disclosed to any expert or consultant may be retained by such expert or consultant provided that such expert or consultant subsequently destroys any and all copies of such Confidential Documents or Information upon the termination of their engagement.

      **4.  Use of Confidential Documents or Information**

        **a)  Use of Confidential Documents or Information Generally**

Confidential Documents or Information shall only be used by the Parties, their respective agents, and any other persons to whom such Confidential Documents or Information may be disclosed pursuant to this Stipulated Protective Order: (1) in this action; (2) as otherwise compelled by lawful process (provided the designating Party is given a reasonable notice to object); or (3) as otherwise required by law.  Notwithstanding the foregoing, nothing in this Stipulated Protective Order shall prevent or limit the designating Party from disclosing Confidential Documents or Information they so designate.

        **b)  Use of Confidential Documents or Information in the Conduct of this Action**

1.  Confidential Documents or Information may be used by counsel for the non-designating Parties in good faith in connection with investigating this action, provided that the Confidential Documents or Information are protected pursuant to the terms and conditions of this Stipulated Protective Order.

2.   The terms of this Stipulated Protective Order do not apply to evidence presented at or for court proceedings and/or trial in this matter unless so designated by the Court.  Any protective measures relating to Confidential Documents or Information should be taken up with the judicial officer conducting the particular proceeding at the appropriate time.

3.   If a Party seeks to file pleadings or other documents with this Court that contains another Party's Confidential Documents or Information, it may do so only if: (a) the pleading and other documents that contains another Party's Confidential Documents or Information are filed under seal in the manner prescribed by the Court; and (b) the filing Party informs the designating Party of such filing prior to the filing of such documents with the Court.

**5.   Return of Confidential Documents, Testimony, or Information**

Upon written request after the final conclusion of this action, the Parties shall:

A.     Return to the designating Party any and all Confidential Documents or Information so designated by that Party and all copies thereof in its possession, custody and control or otherwise destroy such documents;

B.     Ensure that all Confidential Documents or Information in the possession, custody or control of any permitted parties or third parties are returned to the designating Party or are otherwise destroyed; and

C.     Destroy all notes, memoranda or other documents that contain excerpts from any of the Confidential Documents or Information.  Notwithstanding the foregoing, attorney work product, attorney-client communications, and information derived from Confidential Documents or Information may be retained by the non-designating Party and its counsel.

**6.   No Probative Value**

This Stipulated Protective Order shall not aggregate or diminish any contractual, statutory or other legal obligation or right of any party or person with respect to any Confidential Documents or Information.  The fact that information is designated "Confidential" under the Stipulated Protective Order shall not be deemed to be determinative of what a trier of fact may determine to be confidential or proprietary.  This Stipulated Protective Order shall be without prejudice to the right of any party to bring information before this Court, regardless of (a) whether

any particular material is or is not Confidential, or (b) whether any particular information or material is or is not entitled to a greater or lesser degree of protection under the terms of this Stipulated Protective Order, provided that in doing so, the party complies with the procedures set forth herein.  The fact that any information is disclosed, used, or produced in any proceeding in this action shall not be offered in any other action or proceeding before this or any other Court, agency or tribunal as evidence of or concerning whether or not such information is admissible, confidential or proprietary.

**7.  No Implied Waiver of Admission**

No party shall be obligated to challenge the proprietary nature of any designation of "Confidential" information, and the failure to do so shall not constitute a waiver or otherwise preclude a subsequent challenge to the designation.

**8.  Modification of this Stipulated Protective Order**

The Parties hereto may modify the terms of this Stipulated Protective Order by further stipulation.  However, no modification by the parties shall have the force or effect of a court order unless the Court approves the modification.  Alternatively, any party hereto may seek an order of this Court to modify the terms of this Stipulated Protective Order.  Any motion seeking such modification must be served upon all counsel of record and filed in accordance with this Court's filing procedures.

**9.  Execution and Counterpart**

This Stipulated Protective Order may be executed in one or more counterparts, each of which shall be deemed to be an original, but all of which together shall constitute one and the same instrument.

/ / /

/ / /

/ / /

Facsimile or electronic signatures shall be binding upon the Parties hereto and may be submitted and considered as originals.

**IT IS SO STIPULATED.**

DATED this 19th day of August, 2022.          DATED this 19th day of August, 2022.

**LADAH LAW FIRM**                              **BRANDON | SMERBER LAW**

*/s/ Adrian Karimi. Esq.*                       */s/ Lew Brandon, Jr., Esq.*
**RAMZY PAUL LADAH, ESQ.**                      **LEW BRANDON, JR., ESQ.**
Nevada Bar No. 11405                            Nevada Bar No. 5880
**ADRIAN KARIMI, ESQ.**                         **ANDREW GUZIK, ESQ.**
Nevada Bar No. 13514                            Nevada Bar No. 12758
517 S. Third Street                             **HOMERO A. GONZALEZ, ESQ.**
Las Vegas, NV 89101                             Nevada Bar No. 15231
*Attorneys for Plaintiff*                       139 East Warm Springs Road
*MICHELLE D. CRENSHAW*                          Las Vegas, Nevada 89119
                                                *Attorneys for Defendant,*
                                                *99 CENTS ONLY STORES, LLC*

<u>**ORDER**</u>

**IT IS SO ORDERED.**

Dated:  August 22, 2022

_____
UNITED STATES MAGISTRATE JUDGE

**<u>Acknowledgment and Agreement To Be Bound</u>**

I hereby acknowledge that I may receive information designated as "Confidential" from counsel to a party to this action.  I hereby certify my understanding that such information will be provided to me pursuant to the terms and restrictions of the above Stipulated Protective Order that has been entered by the Court; that I have been given a copy of, and have read and understand, such Stipulated Protective Order; that I agree to be bound by the terms thereof; and that I irrevocably submit to the personal jurisdiction of the Court in connection with any proceeding to enforce the Stipulated Protective Order that may involve me.


**ACKNOWLEDGED AND AGREED:**

Name: _____

Address: _____

Employer: _____

Title: _____

Dated: _____